LAW OFFICES OF
ROBERT L. KRASELNIK, PLLC
Robert L. Kraselnik (RK 0684)
40 Wall Street, 28th Floor
New York, NY 10005
Tel.: 212-400-7160
Fax: 212-400-7162
*Attorneys for Plaintiff*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSE RICO-VERAS, on behalf of himself and others similarly situated,

   Plaintiff,

v.

AAA AUTO DIAGNOSTIC & REPAIR INC., CC AUTO DIAGNOSTIC CENTER INC. and CHAUDHRY NASIR,

   Defendants.

---

JUDGE COTE
07 CV 11157

Case No.:

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff, JOSE RICO-VERAS ("RICO" or "Plaintiff"), by and through his undersigned attorney, hereby files this Complaint against Defendants, AAA AUTO DIAGNOSTIC & REPAIR INC ("AAA AUTO"), CC AUTO DIAGNOSTIC CENTER INC. ("CC AUTO") and CHAUDHRY NASIR ("NASIR") (collectively, "Defendants"), and states as follows:

### INTRODUCTION

1. Plaintiff, RICO, alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages, and (3) attorneys' fees.

2. Plaintiff, RICO, further alleges that, pursuant to the New York Labor Law, he is entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid "spread of hours" payments for each day he worked 10 or more hours, (3) liquidated damages equal to 25% of the sum of his unpaid minimum wages, his unpaid "spread of hours" payments and his unpaid overtime, and (4) attorneys' fees and costs.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

### PARTIES

5. Plaintiff, RICO, is a resident of Bronx County, New York.

6. Defendant, AAA AUTO, is a corporation organized under the laws of New York, with a principal executive office at 520 W. 44th Street, New York, New York 10036.

7. Defendant, CC AUTO, is a corporation organized under the laws of New York, with a principal executive office at 900 Avenue H #2C, Brooklyn, NY, 11230.

8. Upon information and belief, Defendant, CHAUDHRY NASIR, is the Chairman of the Board of CC AUTO.

9. Upon information and belief, Defendant, CHAUDHRY NASIR, is the Chief Executive Officer of CC AUTO.

10. Plaintiff was employed by Defendant, AAA AUTO, at 520 W. 44th Street in Manhattan from on or about January 2007 until on or about October 10, 2007.

11. Plaintiff was employed by Defendant, CC AUTO, at 198 W.24th Street in Manhattan, and subsequently at 519 W. 47th Street in Manhattan, from on or about late 2001/early 2002 until on or about early 2007.

12. At all relevant times, Defendants AAA AUTO and CC AUTO were "enterprise[s] engaged in commerce" within the meaning of the FLSA.

13. At all relevant times, the work performed by Plaintiff, RICO, was directly essential to the business operated by AAA AUTO, CC AUTO and CHAUDHRY NASIR..

14. At all relevant times, Defendants knowingly and willfully failed to pay RICO his lawfully earned overtime wages in direct contravention of the FLSA and the New York Labor Law.

15. At all relevant times, Defendants knowingly and willfully failed to pay RICO his lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

16. Plaintiff, RICO has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATMENT OF FACTS

17. Plaintiff, during his employment with Defendant, CC AUTO, which lasted from on or about late 2001/early 2002 until on or about early 2007, worked in the tire shop as a mechanic and as a maintenance man (i.e., cleaner, plumber, roofer, etc.).

18. During RICO's employment by CC AUTO, he worked well over forty (40) hours per week, usually working around 90 hours a week.

19. During RICO's employment by CC AUTO, he was paid $600 per week.

3

20. Plaintiff, during his employment with Defendant, AAA AUTO, which lasted from on or about January 2007 until on or about October 10, 2007, also worked in the tire shop as a mechanic and as a maintenance man (i.e., cleaner, plumber, roofer, etc.).

21. During RICO's employment by AAA AUTO, he worked well over forty (40) hours per week, usually working around 60 hours a week. Again, he was paid $600 per week.

22. Defendants' knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to the Plaintiff and other similarly situated employees.

23. Defendant's knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiff and other similarly situated employees.

24. DEFENDANTS knowingly and willfully operated its business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and other similarly situated employees.

25. Plaintiff retained the Law Offices of Robert L. Kraselnik, PLLC to represent him and other employees similarly situated in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

26. Plaintiff realleges and reavers Paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

28. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

29. Upon information and belief, at all relevant times, AAA AUTO and CC AUTO have had had gross revenues in excess of $500,000.

30. Plaintiff, RICO, was entitled under federal law to be paid at the rate of time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

31. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for his hours worked in excess of forty hours per workweek.

32. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

33. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

34. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff, RICO, at the statutory rate of time and one-half for his hours worked in excess of forty (40) hours per week when they knew or should have known such was due.

35. Defendants failed to properly disclose or apprise Plaintiff, RICO, of his rights under the FLSA.

36. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff, RICO, is entitled to liquidated damages pursuant to the FLSA.

37. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff, RICO, suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

38. Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW

39. Plaintiff realleges and reavers Paragraphs 1 through 38 of this Complaint as if fully set forth herein.

40. At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

41. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek..

42. Defendant willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiff for each day he worked 10 or more hours.

43. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendant his unpaid overtime, unpaid "spread of hours" premium, damages for

unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law §663(1).

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, RICO, on behalf of himself and all similarly situated employees, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of unpaid "spread of hours" premium due under the New York Labor Law;

e. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and "spread of hours" premium pursuant to the New York Labor Law;

g. An award of prejudgment and postjudgment interest;

h.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

i.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: December 10, 2007

>Respectfully submitted,
>
>LAW OFFICES OF
>ROBERT L. KRASELNIK, PLLC
>*Attorneys for Plaintiff*
>40 Wall Street, 28th Floor
>New York, NY 10005
>Tel.: (212) 400-7160
>Fax: (212) 400-7162
>
>By: _____
>ROBERT L. KRASELNIK (RK 0684)

8