UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSE RICO-VERAS, on behalf of himself and
others similarly situated,

       Plaintiff,                    Case No.: 07 CV 11157 (DLC)

v.

AAA AUTO DIAGNOSTIC & REPAIR INC.,
CC AUTO DIAGNOSTIC CENTER INC. and
CHAUDHRY NASIR,

       Defendants.

---

**MEMORANDUM OF LAW REGARDING DAMAGE CALCULATIONS IN SUPPORT OF ORDER TO SHOW CAUSE FOR DEFAULT JUDGMENT**

**Preliminary Statement**

Pursuant to this Court's June 11, 2008 Order, the Plaintiff, Jose Rico-Veras ("Plaintiff"), hereby submits this memorandum of law describing the methodology used in calculating his damages and the legal authority supporting this methodology.

**Discussion**

The overtime pay provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), require that employers pay their non-exempt employees 1½ times their regular rate of pay for all overtime hours (i.e., hours in excess of 40) worked in any given workweek. 29 U.S.C.A. §297(a)(1). The key, then, is calculating the regular rate. Where, as here, an employer pays the same weekly salary regardless of number of hours worked, the regular rate is calculated by dividing the amount of salary for that week by 40. This is because,

1

absent a showing to the contrary, courts will not assume that a weekly salary is intended to cover anything more than the first 40 hours. As Judge Lynch wrote:

> A weekly salary does not include the overtime premium for workers who regularly work more than 40 hours a week unless there is evidence that the parties understood and intended such an arrangement. In other words, "[t]here is a rebuttable presumption that a weekly salary covers 40 hours; the employer can rebut the presumption by showing an employer-employee agreement that the salary cover a different number of hours."

*Chan v. Sung Yue Tung Corp.*, 2007 WL 313483 (S.D.N.Y. 2007) *quoting Giles v. City of New York*, 41 F.Supp.2d 308, 317 (S.D.N.Y.1999). Here, because Defendants have not appeared to rebut the presumption, Plaintiff's regular rate equals his weekly salary divided by 40.

### AAA Auto

While he worked for Defendant AAA Auto Diagnostic and Repair, Inc. ("AAA Auto") Plaintiff worked approximately 60 hours a week and was always paid $600.00 per week.[1] Accordingly, in the case of AAA Auto, Plaintiff's regular rate $600/40, which equals $15.00. The overtime rate based off a regular rate of $15.00 is $22.50. AAA, then, owes Plaintiff an extra $7.50 for every overtime hour worked while at AAA. Taking an estimate of 20 hour per week results in a total owed of $150 per week. Plaintiff's employment with Defendant AAA Auto lasted from early January 2007 until on or about October 10, 2007 – or approximately 40 weeks. 40 weeks multiplied by $150 equals $6,000.

Plaintiff is entitled to "double damages" under the FLSA's liquidated damages provision. 29 U.S.C. §216(b). An employer who seeks to avoid liquidated damages under the FLSA bears the burden of proving that its violation was both in good faith and predicated upon reasonable grounds. *See Joiner v. City of Macon* 814 F.2d 1537 (11th Cir. 1987). Again, Defendants, by

---

[1] Plaintiff's approximation of his hours worked is the best evidence available here as Defendants have failed to participate in the case. Such reasonable approximations are sufficient when there are no time records available. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946)

virtue of having failed to respond to Plaintiff's Complaint, have failed to meet their burden to oppose the imposition of liquidated damages.

An additional element of the Plaintiff's claims is the recovery of fees and costs. Specifically, 29 U.S.C. §216(b) authorizes the award of attorneys' fees and costs to the prevailing plaintiffs in any proceeding to enforce the provisions of the FLSA. A prevailing plaintiff's fee in an FLSA matter is mandatory. *See Weasel v. Singapore Joint Venture, Inc* 602 F.2d 1185. (5th Cir. 1979). Cost and fees in this matter currently total $2,400.00 – which consists of $2,000 in fees and $400 in costs. Of the $2,400, half applies to each of the two corporate defendants.

AAA, therefore, owes Plaintiff $6,000 in unpaid wages, $6,000 in liquidated damages, and $1,200 in attorneys' fees and costs, for a total of **$14,200**.[2]

CC Auto

With respect to CC Auto Diagnostic Center, Inc. ("CC Auto"), Plaintiff is proceeding under the New York Labor Law in order to take advantage of the longer limitations period. Specifically, under the New York Labor Law's six-year statute of limitations, because the Complaint was filed on December 11, 2007 Plaintiff may recover unpaid wages dating all the way back to December 11, 2001. N .Y. Lab. Law § 198(3). Although the limitations period is longer under New York law, however, Plaintiff is entitled only to an additional 25% of his unpaid wages as liquidated damages. N .Y. Lab. Law § 198(1)(a). Nevertheless, it is more beneficial economically for Plaintiff to proceed under the New York Labor Law with respect to CC Auto.

---

[2] This total and the total for CC Auto are different than the totals initially submitted to the Court because 1) in determining the regular rate we erroneously divided the weekly salary by the total weekly hours worked instead of by 40; and 2) we have withdrawn the "spread of hours" argument due to the fluctuating state of the law with respect to its application.

For CC Auto, Plaintiff worked 90 hours a week and was paid $600 a week. His regular rate was 600/40, or $15.00 and his overtime rate was $22.50. As in the case of AAA Auto, CC Auto owes Plaintiff an extra $7.50 for every overtime hour worked. Taking an estimate of 50 hour per week of overtime results in a total owed of $375 per week. Over 5 years, or 250 weeks, this totals $93,750. Adding the additional 25% results in a total of $117,187.50. Finally, Plaintiff is entitled to his attorney's fees under the FLSA, which up to now total $1,200. CC Auto, therefore, owes Plaintiff $93,750 in unpaid wages, $23,437.50 in liquidated damages, and $1,200 in attorneys' fees and costs, for a total of **$118,387.50**.

### Conclusion

Based on the methodology and authority discussed above, Plaintiff is entitled to **$14,200.00** from AAA Auto, and to **$118,387.50** from CC Auto.

Dated: June 12, 2008

    Respectfully submitted,

    LAW OFFICES OF
    ROBERT L. KRASELNIK, PLLC
    *Attorneys for Plaintiff*
    40 Wall Street, 28th Floor
    New York, NY 10005
    Tel.: (212) 400-7160
    Fax: (212) 400-7162

By: _____
    ROBERT L. KRASELNIK (RK 0684)